UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2020 AUG 11  P 12: 22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LISA F. TYLER, Individually, and as Personal Representative of the Estate of DONALD P. TYLER, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY and BOBBY FRANK LANE,<br><br>Defendants. | Civil Action No. 2:20-584<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff, Lisa F. Tyler, Individually, and as Personal Representative of the Estate of Donald P. Tyler, Deceased, through undersigned counsel of record, brings the following Complaint against Defendants, Ford Motor Company and Bobby Frank Lane.

### STATEMENT OF PARTIES, JURISDICTION & VENUE

1. Plaintiff Lisa F. Tyler was appointed Personal Representative of the Estate of Donald P. Tyler by the Probate Court for Bay County, Florida on January 8, 2020.

2. Plaintiff Lisa F. Tyler resides in Bay County, Florida.

3. The accident made basis of this lawsuit occurred on I-65 North between U.S. Highway 31 and Temple Road in Chilton County, Alabama.

4. Defendant Bobby Frank Lane is a resident of the State of Alabama and is over the age of 19 years. Defendant Bobby Frank Lane was the operator of the Volkswagen Beetle which

collided with the Plaintiff and Plaintiff's Decedent on the date and occasion made the basis of this lawsuit.

5. Defendant Ford Motor Company ("FORD") is a Delaware Limited Liability Company with its principal place of business in Michigan and is licensed to do business and does business in the State of Alabama, for profit. Ford Motor Company has a registered agent, Corporation Service Company, Inc., in Montgomery, Alabama and can be served at 641 South Lawrence Street, Montgomery, Alabama, 36104.

6. This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C.S. § 1332, on the basis that the amount in controversy exceeds $75,000 and is between citizens of different states.

## STATEMENT OF THE FACTS

1. At issue in this lawsuit is a 2001 F-250 bearing VIN Number 3FTNX20F11MA23254 (hereinafter referred to as the "F-250" or "subject vehicle").

2. At all times material hereto, Defendant FORD was the manufacturer of the subject vehicle.

3. On or about November 1, 2019, Plaintiff's Decedent, Donald Tyler, was operating the subject F-250 while towing a trailer when Defendant, Bobby Frank Lane, attempted to change lanes and side-swiped the rear of the F-250 causing Mr. Tyler to lose control and crash into the median cable barrier.

4. The F-250 collided with the median cable barrier and rolled over, coming to rest on its roof.

5. Mrs. Tyler was a passenger in the subject vehicle.

6. Both Lisa Tyler and Donald Tyler were properly wearing their seat belts.

7. During the rollover, the entire left side of the subject vehicle's roof deformed severely inboard and downward, compressing the driver head restraint and rear left seat back.

8. Both left side pillars on the subject vehicle collapsed completely in the rollover.

9. Donald Tyler's survival space within the subject vehicle was severely compromised during the rollover as a result of the extensive roof deformation.

10. Still belted within the overturned subject vehicle, Donald Tyler had been pushed by the complete collapse of the A and B pillars into a position that compromised his airway while the subject vehicle was inverted.

11. The deformation of the roof and the compromise of the subject vehicle's survival space caused Donald Tyler to sustain fatal injuries.

12. The position into which Donald Tyler was pushed within the subject vehicle resulted in positional asphyxiation.

13. Donald Tyler's wife, Lisa Tyler, witnessed his fatal injuries and death.

14. Plaintiff Lisa Tyler also suffered injuries in this crash.

15. The fatal injuries to Donald Tyler were sustained in whole or in part as a result of the F-250's defective and uncrashworthy design and the negligent driving of Defendant Bobby Frank Lane.

## COUNT ONE
### ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD), LACK OF CRASHWORTHINESS, PILLAR AND ROOF STRENGTH

17. Plaintiff incorporates each and every allegation and averment above as if fully set forth herein.

18. Defendant FORD designed, developed, engineered, tested, manufactured,

3

distributed, marketed and sold the subject 2001 Ford F-250 and reasonably expected it to reach the ultimate consumer in the condition it was in at the time of the subject accident.

19. The manner in which the subject vehicle was being operated and in which the subject accident occurred were reasonably foreseeable to and known by Defendant FORD.

20. At the time of the subject accident, the subject F-250 was in substantially the same mechanical and design condition as it was on the date of its manufacture.

21. At all times material hereto, it was reasonably foreseeable that users of the F-250 as designed, manufactured, marketed and sold by FORD could be injured in an accident such as the one involved herein if FORD did not exercise reasonable care in the design, manufacture, marketing and sale of the F-250.

22. At the time of the subject accident, the subject F-250 was unreasonably dangerous and defective in its design and manufacture in that the F-250's A and B pillars were not capable of withstanding the vehicle's weight and maintaining the survival space of a belted driver, and subjected occupants to an unreasonable risk of harm, including death.

23. At the time of the subject accident, the subject F-250 was unreasonably dangerous and defective in its design and manufacture in that the F-250's weak roof structure deformation added slack in the seatbelt system.

24. The subject F-250 was unreasonably dangerous and defective in its design, manufacture and/or marketing in that the vehicle was generally uncrashworthy, its roof structure was weak, and it did not protect the Plaintiff and the Plaintiff's Decedent or provide adequate occupant protection and retention under foreseeable forces such as those which occurred in the subject accident.

25. The subject F-250 was defective and/or unreasonably dangerous in design, manufacture and/or marketing as it relates to the vehicle's characteristics for stability, handling, towing, and/or rollover propensities.

26. By selling this defective and unreasonably dangerous product, Defendant FORD is liable under the Alabama Extended Manufacturer's Liability Doctrine.

27. As a direct and proximate consequence of the defective and unreasonably dangerous condition of the subject F-250, Plaintiff's Decedent, Donald Tyler, was wrongfully killed, and Plaintiff Lisa Tyler suffered catastrophic injuries.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in her favor against said Defendants, jointly and severally, pursuant to the Alabama Wrongful Death Statute, Code of Alabama §6-5-410, a punitive damages award in an amount to punish said Defendants/wrongdoers and to deter future similar wrongs for such damages as a jury may determine for the wrongful death of Donald Tyler, and for compensatory damages for personal injury to Lisa Tyler, plus post-judgment interest, costs, and all other relief which is proper.

## COUNT TWO
### NEGLIGENCE / WANTONNESS – FORD MOTOR COMPANY

28. Plaintiff incorporates each and every allegation and averment above as if fully set forth herein.

29. Defendant FORD committed acts of omission and commission which constituted negligence and wantonness.

30. Defendant FORD was negligent and wanton in the design, manufacture, testing, warnings, distribution, inspection, preparation for sale, and failure to recall the 2001 Ford F-250

which is the subject of this lawsuit.

31. Defendant FORD did not test, inspect, design, manufacture and distribute the F-250's roof structure to be crashworthy in the event of a rollover crash.

32. Defendant FORD, at all times material hereto, owed a duty to the general public and to Plaintiff and Plaintiff's Decedent, in particular, to exercise reasonable care for their safety.

33. At all times material hereto, it was reasonably foreseeable that foreseeable users of the F-250 as designed, manufactured, marketed and sold by FORD could be injured in an accident such as the one involved herein if FORD did not exercise reasonable care in the design, manufacture, marketing and sale of the F-250.

34. Defendant FORD breached its duty in that it carelessly, negligently, and wantonly designed, planned, engineered, constructed, built, inspected, tested, manufactured, assembled, advertised, marketed and sold the F-250 that was not crashworthy in a foreseeable rollover.

35. The structural design of the F-250's roof, including but not limited to the A and B pillars, was not capable of withstanding the vehicle's weight and maintaining the survival space of a belted driver.

36. As a proximate consequence of the acts or omissions of Defendant FORD, as alleged herein, the seatbelt failed to perform as reasonably expected by the ordinary consumer, including Plaintiff and Plaintiff's Decedent.

37. Defendant FORD was negligent and/or wanton in that the F-250 was carelessly designed, manufactured, assembled, supplied and marketed, and was provided with careless and inadequate warnings about its defective nature, including its lack of crashworthiness due to its weak A and B pillars and overall roof structure.

38. The failure of FORD to properly and adequately design out the hazards and

deficiencies in the F-250 and its failure to warn foreseeable users of such deficiencies constitute conduct that was negligent and/or wanton.

39. Defendant FORD was also negligent and/or wanton in failing to adequately and properly test, including dynamic testing, the F-250 line of vehicles for occupant protection performance in rollovers.

40. The subject F-250 offered Donald Tyler little or no rollover protection benefits and proved wholly incapable of managing the otherwise survivable crash forces produced in this rollover.

41. As a direct and proximate result of the negligence and wantonness of Defendant FORD, Donald Tyler was wrongfully killed, and Lisa Tyler suffered catastrophic injuries.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff demands judgment in her favor against said Defendants, jointly and severally, pursuant to the Alabama Wrongful Death Statute, Code of Alabama §6-5-410, a punitive damages award in an amount to punish said Defendant/wrongdoer and to deter future similar wrongs for such damages as a jury may determine for the wrongful death of Donald Tyler, and for compensatory and punitive damages for personal injury to Lisa Tyler, plus post-judgment interest, costs, and all other relief which is proper.

### COUNT THREE

### BREACH OF WARRANTY AGAINST FORD MOTOR COMPANY

42. Plaintiff incorporates each and every allegation and averment above as if fully set forth herein.

43. Defendant FORD expressly and/or impliedly warranted that the Ford F-250 involved in the accident made the basis of this Complaint was reasonably fit and suitable for the purpose for which it was intended to be used. Plaintiff claims that Defendant FORD breached said

expressed and/or implied warranties of merchantability and/or fitness for a particular purpose in that the subject F-250 was not reasonably fit and suitable for the purposes for which it was intended to be used, but to the contrary, said F-250 was dangerously defective and unsafe.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment in her favor against said Defendant pursuant to the Alabama Wrongful Death Statute, Code of Alabama §6-5-410, a punitive damages award in an amount to punish said Defendant/wrongdoer and to deter future similar wrongs for such damages as a jury may determine for the wrongful death of Donald Tyler, and for compensatory damages for personal injury to Lisa Tyler, plus post-judgment interest, costs, and all other relief which is proper.

## COUNT FOUR
### NEGLIGENCE / WANTONNESS – BOBBY FRANK LANE

44. At said time and place, Defendant BOBBY FRANK LANE recklessly, negligently and/or wantonly operated his vehicle by colliding with the rear of the vehicle occupied by Plaintiff and Plaintiff's Decedent.

45. As a direct and proximate result of the negligence and wantonness of Defendant BOBBY FRANK LANE, Donald Tyler was wrongfully killed, and Lisa Tyler suffered catastrophic injuries.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment in her favor against said Defendant pursuant to the Alabama Wrongful Death Statute, Code of Alabama §6-5-410, a punitive damages award in an amount to punish said Defendant/wrongdoer and to deter future similar wrongs for such damages as a jury may determine for the wrongful death of Donald Tyler, and for compensatory and punitive damages for personal injury to Lisa Tyler, plus post-judgment interest, costs, and all other relief which is proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Lisa F. Tyler, Individually, and as Personal Representative of the Estate of Donald P. Tyler, Deceased, demands a trial by jury on all issues so triable as a matter of right.

Done on this 6th day of August, 2020.

/s/ D. Bruce Petway
D. Bruce Petway, Esq. (PET018)
One of the Attorneys for Plaintiff

**OF COUNSEL**:

D. Bruce Petway, Esq.
bpetway@lawpc.com
PETWAY OLSEN, LLC
600 Vestavia Parkway, Ste. 220
Birmingham, AL 35216
Phone: (205) 733-1595
Fax: (205) 581-9773

H. Lawrence Perry, Esq. (PER040)
lperry@perry-young.com
PERRY & YOUNG, P.A.
200 Harrison Avenue
Panama City, FL 32401
Phone: (850) 215-7777
Fax: (850) 215-4777

**SERVE DEFENDANT GENERAL MOTORS, LLC BY CERTIFIED MAIL**:

Ford Motor Company
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**SERVE DEFENDANT BOBBY FRANK LANE BY CERTIFIED MAIL**:

Bobby Frank Lane
1012 Woods Road
Jasper, AL 35501