# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **LISA F. TYLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | 2:20-cv-00584-WKW-SMD |
| **BOBBY FRANK LANE,** ) | |
| ) | |
| **Defendant.** ) | |

## PLAINTIFF'S REPLY TO FORD'S RESPONSE TO MOTION TO ALTER OR AMEND JUDGMENT

COMES NOW the Plaintiff in the above-styled action, and respectfully replies to Ford's response (Doc. 34) to Plaintiff's motion to alter or amend judgment (Doc. 32), as follows:

At the threshold, Ford has agreed that Plaintiff's <u>alternative</u> relief (transfer of the claims against Ford to the Northern District of Florida) is appropriate. (*See* Doc. 34, at 1, 7.) However, this Court would reach this <u>alternative</u> relief <u>only if</u> it does not reconsider its decision that it lacks personal jurisdiction over Ford. With respect, this Court <u>does</u> have personal jurisdiction over Ford, and Ford's contrary argument in its response is not persuasive to show otherwise. Here is why.

In its response, Ford seems to assert that Plaintiff is arguing for a "more expansive interpretation" of specific jurisdiction than that provided for by United States Supreme Court jurisprudence, most recently *Ford Motor Co. v. Montana*

1

*Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 209 L. Ed. 2d 225 (2021). (*See* Doc. 34, at 2-3.) Not true. Indeed, it is Plaintiff who has correctly interpreted the scope of personal jurisdiction and Ford that is seeking to impermissibly narrow it.

This is so because the only distinction between *Ford Motor Company* and the instant case is the residency of the involved plaintiffs, but this simply does not make a difference for these purposes. *Ford Motor Company* has placed it beyond dispute that the required "connection" between a plaintiff's claims and a defendant's activities is satisfied when a company like Ford serves a market for a product in the forum State <u>and the product malfunctions there</u>. *See Ford Motor Company*, 141 S. Ct. at 1027 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S. Ct. 580, 62 L. Ed. 2d 490 (1980)).

Ford does not meaningfully engage with this analysis – it simply pleads that the location of the crash was "fortuitous" and that without an in-state plaintiff, the crash allegedly does not "arise out of or relate to" Ford's Alabama contacts. (*See* Doc. 34, at 4.) However, in *Ford Motor Company,* Ford advanced an identical argument – "that a plaintiff's residence and place of injury can never support jurisdiction," and the Court squarely rejected it: "Those places still may be relevant in assessing the link between the defendant's forum contacts and the plaintiff's suit—including its assertions of who was injured where." *Ford Motor Company*, 141 S. Ct. at 1031–32. The fallacy of Ford's argument becomes apparent

when it is considered that the residency of the plaintiffs is just as equally, if not <u>more</u> fortuitous, than the location of the crash anyway.

Simply put, and as fully set forth in the motion to alter or amend, the fact that the crash occurred in Alabama <u>is</u> important because the defect with the Ford truck <u>manifested</u> in Alabama and <u>injured someone</u> in Alabama. A "veritable truckload of contacts" with the forum State in promoting, selling, and servicing a defective product, plus in-state injury because of the defective product, is a "relationship among the defendant, the forum, and the litigation," that is close enough to support specific jurisdiction. *See Ford Motor Company*, 141 S. Ct. at 1031–32.

For all the reasons stated above and in the motion to alter or amend (Doc. 32), this Court should reconsider its decision that it lacks personal jurisdiction over Ford under these facts and alter and amend its judgment to reinstate the claims against Ford. However, if this Court will not reconsider its decision, Ford has at least agreed to have the claims against it severed and transferred to the Northern District of Florida, and this Court should, at a minimum, grant that alternative relief.

**Respectfully submitted 5th day of January, 2022.**

> */s/D. Bruce Petway*
> **D. Bruce Petway [PET018]**
> **One of the Attorneys for Plaintiff**

**OF COUNSEL**:

**PETWAY OLSEN, LLC**
600 Vestavia Parkway, Suite 220
Birmingham, Alabama 35216
Telephone: (205) 733-1595
Facsimile: (205) 581-9773
Email: bpetway@pclaw.com

H. Lawrence Perry, Esq.
**PERRY & YOUNG, P.A.**
200 Harrison Avenue
Panama City, Florida 32401
Telephone: (850)215-7777
Facsimile: (850)215-4777
Email: lperry@perry-young.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of January 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, electronic mail and/or by placing a copy of same in the United States Mail, properly addressed and postage prepaid:

D. Alan Thomas
Paul F. Malek
Cameron N. Rentschler
**HUIE, FERNAMBUCQ & STEWART, LLP**
3291 U.S. Highway 280, Suite 200
Birmingham, Alabama 35243
Email: athomas@huielaw.com
pmalek@huielaw.com
crentschler@huielaw.com

*Attorneys for Defendant Ford Motor Company*

Christopher Peter Bolvig, III
**MUDD BOLVIG LUKE & WELLS, LLC**
2011 4th Avenue North
Birmingham, Alabama 35203
Email:	pbolvig@wmslawfirm.com

*Attorney for Defendant Bobby Frank Lane*

*/s/ D. Bruce Petway*
OF COUNSEL

5