IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LISA F. TYLER, individually and as personal representative of the estate of Donald P. Tyler, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:20-CV-584-WKW [WO] |
| BOBBY FRANK LANE, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Alter or Amend the Judgment to Reinstate the Claims Against Ford Motor Company or, in the Alternative, Motion to Reinstate, Sever, and Transfer Venue. (Doc. # 32.) Plaintiff argues that the claims against Ford Motor Company ought to be reinstated because (1) this court's order dismissing the claims for lack of personal jurisdiction was erroneous or, alternatively, (2) for the purposes of transferring the claims to the United States District Court for the Northern District of Florida. Ford has responded, arguing that the dismissal was appropriate but conceding that transfer to the Northern District of Florida is appropriate. (Doc. # 34.)

For the reasons laid out in the November 17, 2021 Memorandum Opinion and Order, this court does not have personal jurisdiction over Ford in this case. Plaintiff argues that the dismissal results in the "anomalous bifurcation" of her suit and that

this result is "unjust," (Doc. # 32 at 15), but dismissing one of multiple defendants for lack of personal jurisdiction is not a particularly new phenomenon. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 288 (1980) (dismissing only the two (of four) defendants who raised a lack of personal jurisdiction). Indeed, the defendant-by-defendant analysis of personal jurisdiction demanded by the Due Process Clause will inevitably lead to the bifurcation of many suits.

The location of the car crash is not a contact that Ford made with the state of Alabama, and the personal jurisdiction analysis must focus solely on the defendant's related contacts with the forum state. *See id.* at 297 ("But the foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there."); *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1773, 1780 (2017) ("The suit must arise out of or relate to the defendant's contacts with the forum." (cleaned up)).

Ford has many contacts with Alabama, but not one contact is related to this suit. The suit arises from events that happened in Alabama, but not one event is a contact made by Ford. The result may be odd, but Ford is simply not subject to personal jurisdiction in Alabama for these claims.

Both parties agree that reinstatement, severance, and transfer are appropriate. Ford Motor Company concedes that "a Florida forum is clearly proper" and

"agree[s] that the Northern District of Florida could exercise personal jurisdiction over Ford." (Doc. # 34 at 4, 6.)  Based on that concession, the court finds that transfer is merited.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

Accordingly, it is ORDERED:

1.Plaintiff's pending motion (Doc. # 32) is GRANTED IN PART and DENIED IN PART.

2.The Final Judgment (Doc. # 30), entered on November 17, 2021, is VACATED.

3.The directives in paragraphs 1. and 2. on page 25 of the Memorandum Opinion and Order (Doc. # 29) are VACATED.

4.The claims of Plaintiff against Ford Motor Company are SEVERED.

5.The Clerk of the Court is DIRECTED to open a new case for Plaintiff's action against Ford Motor Company, to assign the same presiding and referral judges as the present case, and to file this Order and the following electronic documents in the new case:  Documents # 1, 10, 11, 12, 13, 17, 19, 20, 21, 22, 24, 25, 26, 27, 29, 32, 33, 34, and 35.

6.Ford Motor Company's Motion to Dismiss (Doc. # 12) is DENIED as moot.

DONE this 13th day of January, 2022.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE